```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
MORGAN NEFF,

                    Plaintiff,              08 Civ. 8532 (LLS)

     v.                                     Opinion and Order

THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT and
TRAVELERS INDEMNITY COMPANY OF
AMERICA,

                    Defendant.
--------------------------------------x
```

Plaintiff Morgan Neff brings this action for declaratory judgment and breach of contract, alleging that Defendants wrongfully disclaimed insurance coverage for an underlying lawsuit against Plaintiff in which he is accused of filing a false criminal complaint. Plaintiff seeks compensatory and punitive damages on his breach of contract claims.

Defendants move to dismiss Plaintiff's punitive damages claims pursuant to Fed. R. Civ. P. 12(b)(6).

<u>BACKGROUND</u>

On July 3, 2008, Plaintiff was sued in the Supreme Court of the State of New York, County of New York for damages arising from his alleged July 12, 2007 filing of a false criminal complaint (the "Underlying Action"). The complaint in the Underlying Action alleges, in part, that Plaintiff "knew or should have known that the aforementioned arrest and

imprisonment were false and without probable cause," Premisler Decl. Ex. C ¶ 16, "the aforesaid arrest was made without knowledge of and/or negligent and/or reckless disregard of the material falseness of the criminal complaint filed by" plaintiff, id. ¶ 17, and plaintiff "knew, or should have known through the exercise of reasonable care and proper police procedure that the said investigation into this matter was flawed and incomplete," id. ¶ 26.

Defendant The Automobile Insurance Company of Hartford, Connecticut ("Hartford") issued a homeowners policy to Plaintiff for the period from January 24, 2007 to January 24, 2008 (the "Homeowners Policy"). Defendant The Travelers Indemnity Company of America ("Travelers") issued a commercial general liability policy to Plaintiff for the period from August 17, 2006 to August 17, 2007 (the "CGL Policy").

Plaintiff tendered the Underlying Action to Defendants, and they both disclaimed coverage on various grounds.

Plaintiff now seeks a declaration that Defendants are obligated to defend and indemnify him in the Underlying Action. He also asserts claims for breach of contract based on Defendants' refusals to defend. On his breach of contract claims, Plaintiff demands consequential damages in excess of $100,000 and punitive damages, asserting that Defendants' refusals to defend are "so egregious, morally culpable, willful

and wanton as to warrant the imposition of punitive damages in the minimum sum of $1,000,000." Compl. ¶¶ 41, 50.

## DISCUSSION

Under New York law, "Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights." <u>Rocanova v. Equitable Life Assurance Soc'y of the United States</u>, 83 N.Y.2d 603, 613 (N.Y. 1994). Rather, "the pleading elements required to state a claim for punitive damages as an additional and exemplary remedy when the claim arises from a breach of contract" are:

> (1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in <u>Walker v. Sheldon</u>, 10 N.Y.2d 401, 404-405, 223 N.Y.S.2d 488, 179 N.E.2d 497, <u>supra</u>; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally.

<u>New York Univ. v. Cont'l Ins. Co.</u>, 87 N.Y.2d 308, 316 (N.Y. 1995) (citing <u>Rocanova</u>, 83 N.Y.2d at 613)

"Where a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract." <u>Id.</u> A tort obligation "is apart from and independent of promises made and therefore apart from the manifested intention of the parties to a contract." <u>Id.</u> (internal quotation marks omitted).

Plaintiff's complaint asserts claims against Defendants for breach of contract based on Defendants' "refusal to provide a defense to plaintiff in the Action."  Compl. ¶¶ 39, 48. Moreover, Plaintiff alleges that, id. ¶ 26,

> Defendants' disclaimer of coverage was without an arguable basis and was deliberately made in bad faith and with knowledge of the lack of a reasonable basis, since Hartford was a party to Automobile Ins. Co. of Hartford v. Cook, 7 N.Y. 3d 131 (2006), which held that Hartford is required to defend its insured in an action where it is alleged that the injury was caused by the negligent conduct of the insured, as negligent conduct is an "occurrence" as defined in the insurance policy. Defendants' continued failure to defend their insureds against claims alleging negligent conduct, in spite of the holding in Cook, is part of a pattern of behavior aimed at the public generally.

Plaintiff argues that "Defendants' continued disclaimer of coverage upon grounds previously rejected by the highest court is evidence of defendants' continued scheme to deny coverage to the public without any legitimate basis" constituting "a pattern of fraudulent behavior."  Pl.'s Mem. 10.

In New York University, the Court of Appeals held that the plaintiff-insured's complaint against his insurer failed to state a tort independent of the insurance contract to support punitive damages where the complaint "made comprehensive factual allegations" about, 87 N.Y.2d at 314,

defendants' "sham" investigation and denial of plaintiff's claim, the "vindictive" nonrenewal of the policy following plaintiff's submission of the claim and referred to numerous instances of Continental Insurance Company's bad-faith practices with respect to policyholders nationwide.

The Court dismissed the plaintiff's cause of action that "defendants breached their obligations to act in good faith toward and deal fairly with plaintiff," id. at 315, holding that this "claim amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing," which is "duplicative of the first cause of action for breach of contract," id. at 319-20.

The Court also dismissed the plaintiff's cause of action for fraud, which alleged "that defendants induced plaintiff to purchase and maintain the insurance policy notwithstanding their intent ab initio to refuse plaintiff's claims for indemnification and then terminate the policy." Id. at 318.  The Court stated,

> The essential elements of a cause of action for fraud are representation of a "material existing fact, falsity, scienter, deception and injury."  At the very threshold, then, plaintiff must allege a misrepresentation or material omission by defendant, on which it relied, that induced plaintiff to purchase the policy of insurance.  General allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support the claim.
>
>     . . . .

>      To the extent that plaintiff alleges that
> defendants engaged in a "sham" investigation to
> perpetuate their allegedly fraudulent scheme, those
> allegations merely evidence plaintiff's
> dissatisfaction with defendants' performance of the
> contract obligations.  Indeed, plaintiff concedes that
> defendants conducted an investigation, but argues that
> it provided an inadequate basis for defendants to deny
> plaintiff's claim.  That allegation does not state a
> tort claim, it merely raises a question for the fact
> finder determining the breach of contract claim.

Id. at 318-19 (emphasis in original) (quoting Channel Master Corp. v. Aluminum Ltd. Sales, 4 N.Y.2d 403, 407 (N.Y. 1958)).

Plaintiff's allegations in this case that "Defendants' disclaimer of coverage was without an arguable basis and was deliberately made in bad faith and with knowledge of the lack of a reasonable basis," Compl. ¶ 26, are equivalent to the allegations held to be insufficient to support punitive damages in New York University.  Plaintiff does not allege that Defendants made any misrepresentation or omission of material fact to support a claim for fraud or that Defendants' breached any other duty independent of their contractual obligations.

Plaintiff's bad faith allegations are inseparable from his contract claims that Defendants are "obligated to provide a defense in the Action to plaintiff under the terms of the" policies, Compl. ¶¶ 30, 31, since "At all times plaintiff acted in accordance with the terms and conditions of the" policies, id. ¶ 32.  See Brown v. Paul Revere Life Ins. Co., No. 00Civ.9110(KMW)(HBP), 2001 WL 1230528, at *4 (S.D.N.Y. Oct. 16,

2001) ("The claim that plaintiff seeks to add merely alleges that defendant breached its contract intentionally, pursuant to an alleged policy of breaking disability insurance contracts in order to avoid the payment of full benefits. Assuming the truth of these allegations, they do not allege a tort independent of the contract . . . ."); Royal Indem. Co. v. Salomon Smith Barney, Inc., 308 A.D.2d 349, 350 (1st Dep't 2003) ("Allegations that an insurer had no good faith basis for denying coverage are redundant to a cause of action for breach of contract based on the denial of coverage, and do not give rise to an independent tort cause of action, regardless of the insertion of tort language into the pleading.").

At a court conference on January 9, 2009, before the issuance of this opinion, Plaintiff was granted leave to amend his complaint, and decided to forego that opportunity.

### CONCLUSION

Defendants' motion to dismiss Plaintiff's punitive damages claims (Docket No. 7) is granted.

So ordered.

DATED:   New York, New York
         February 20, 2009

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.